IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. 3:23-cv-00976 |
| YVONTA LAVETT CRAVIN, G__T__ (A MINOR), K__B__ (A MINOR), AND G__S__ (A MINOR), | § § § § § | |
| Defendants. | § § | |

## COMPLAINT IN INTERPLEADER

Plaintiff Principal Life Insurance Company ("Principal Life") complains of Defendants Yvonta Lavett Cravin, G__ T__, a minor, K__ B__, a minor, and G__ S__, a minor (collectively, "Defendants"), and states:

## PARTIES

1. **Principal Life.** Principal Life is an Iowa insurance company with its principal office and place of business in Des Moines, Iowa.

2. **Cravin.** Defendant Yvonta Lavett Cravin ("Cravin") is a citizen of Texas who may be served at her residence address, 4815 Westgrove Drive, No. 507, Addison, Texas 75001, or wherever she may be found.

3. **G__ T__.** Defendant G__ T__ ("G__T__") is a citizen of Texas who may be served at her residence address, 1240 Redman Avenue, Mesquite, Texas 75149, or wherever she may be found.  Pursuant to Fed. R. Civ. P. 17(c)(2), Principal Life requests that the Court appoint a guardian ad litem to protect G__ T__'s interests in this matter.

4. **K__ B__.** Defendant K__ B__ ("K__ B__") is a citizen of Texas who may be

**COMPLAINT IN INTERPLEADER - Page 1**

served at his residence address, 1240 Redman Avenue, Mesquite, Texas 75149, or wherever he may be found. Pursuant to Fed. R. Civ. P. 17(c)(2), Principal Life requests that the Court appoint a guardian ad litem to protect K__ B__'s interests in this matter.

5. **G__ S__.** Defendant G__ S__ ("G__S__") is a citizen of Texas who may be served at his residence address, 1240 Redman Avenue, Mesquite, Texas 75149, or wherever he may be found. Pursuant to Fed. R. Civ. P. 17(c)(2), Principal Life requests that the Court appoint a guardian ad litem to protect G__ S__'s interests in this matter.

## JURISDICTION AND VENUE

6. **Jurisdiction.** The Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.

7. **Venue.** The Court has venue of this action pursuant to 29 U.S.C. § 1132(e)(2) because some or all of Defendants reside in this district.

## OPERATIVE FACTS

8. **Principal Life issues the Group Policy.** Effective August 1, 2015, Principal Life issued its Group Member Life Insurance Policy No. GL 1055824 (the "Group Policy") to Dakota Financial, LLC (the "Employer"). The Group Policy was part of an ERISA-governed employee welfare benefit plan that the Employer established and maintained for its employees and their beneficiaries. The Employer paid the premiums for the coverage of its employees, was responsible for remitting such payments to Principal Life on time, and was required to provide Principal Life upon request with all information needed to administer the Group Policy. The Beneficiary section of the Group Policy provided in pertinent part:

> A beneficiary should be named at the time a Member applies or enrolls under this Group Policy. A Member may name or later change a named beneficiary by

sending a Written request to The Principal. A change will not be effective until recorded by The Principal. Once recorded, the change will apply as of the date the request was Signed.

9. **The Member obtains coverage under the Group Policy.** By virtue of her employment with the Employer, Dominique Brooks (the "Member") was eligible for and obtained $100,000.00 in life insurance coverage under the Group Policy. On December 30, 2022, the Member signed the Employee Enrollment & Waiver form (the "Enrollment Form"), in which she purportedly designated the Primary Beneficiaries and Contingent Beneficiaries for her coverage under the Group Policy.[1]

10. **The Member dies.** On March 6, 2023, Cravin informed Principal Life that the Member had died on February 17, 2023. As a result of the Member's death, proceeds totaling $100,000.00 (the "Proceeds") became payable under the Group Policy.

11. **The unclear Enrollment Form.** After learning of the Member's death, Principal Life received, for the first time, a copy of the Enrollment Form,[2] together with copies of the completed Life Claim Information form from Cravin, who claimed all of the Proceeds, and the Certificate of Death for the Member. Under ERISA, Principal Life is obligated to act in accordance with the documents and instruments governing the plan, but the Enrollment Form is unclear as to whom the Proceeds are payable. That is, the section of the Enrollment Form addressing the Group Policy does not mention Cravin by name, designates K__ T__ and K__ B__ as 33.3% Primary Beneficiaries, and G__ S__ as a 33.3% Contingent Beneficiary. In a telephone call on March 17, 2023, the Employer confirmed that the Enrollment Form was the beneficiary design the Employer

---

[1] In this form, the Member also sought to designate the beneficiaries for the voluntary term life insurance coverage, which required the covered employees to pay the necessary premiums themselves, that the Employer offered to its employees; however, the Member neither applied for nor obtained such voluntary coverage.

[2] A true and correct copy of the Enrollment Form received by Principal Life, with personal-identifying information redacted, is attached as Exhibit A.

**COMPLAINT IN INTERPLEADER** - Page 3

had on file, that the Member's intention was that Cravin be the Primary Beneficiary, that the Enrollment Form was "a little confusing," and that they wished they had caught that and requested the Member to correct it.

12. **The need for interpleader relief.**  Under the circumstances, Principal Life cannot pay all or part of the proceeds to any of Defendants without incurring possible multiple liability. Principal Life admits liability under the Group Policy to pay the Proceeds as a consequence of the Member's death, but the failure to deposit such proceeds into the Court's registry may expose Principal Life to multiple or inconsistent liabilities or preclude interpleader relief.  Principal Life is a disinterested stakeholder which claims no interest in the Proceeds, except for its attorney's fees and court costs.

## CAUSES OF ACTION

13. **Interpleader.**  Principal Life requests the Court to accept the Proceeds into its registry and require Defendants, or third parties presently unknown, to interplead their claims to such proceeds.  Contemporaneously with the filing of this Complaint, Principal Life has sought leave to deposit the Proceeds into the Court's registry and has requested the Court to appoint a guardian ad litem to protect the interests of K__ T__, K__ B__, and G__ S__ (collectively, the "Minors"), all of whom are minors.  Principal Life also requests the Court to discharge Principal Life from all liability to Defendants or any other person with respect to the Proceeds and the Member's coverage under the Group Policy.

14. **Declaratory judgment.**  Principal Life further requests the Court to adjudicate whether Defendants or third parties presently unknown are entitled to payment of all or part of the Proceeds and to thereafter award such proceeds to the party or parties legally entitled to receive them.  Principal Life also requests the Court to discharge Principal Life from all liability to

Defendants or any other person with respect to the Proceeds and the Member's coverage under the Group Policy.

15. **Restraining order.**  Principal Life further requests that, pursuant to 28 U.S.C. § 2361, the Court enter an order restraining Defendants from instituting or further prosecuting any proceeding in any State or United States court affecting the Proceeds until further order of the Court.

16. **Attorney's fees.**  Principal Life has retained the services of the undersigned attorneys to prosecute this action.  Accordingly, Principal Life seeks recovery of all of its attorney's fees and court costs incurred in this action from the interpled funds.

## REQUEST FOR RELIEF

17. **Prayer.**  Principal Life respectfully requests the following relief:

    (a)  That Defendants be served with Summons and this Complaint and required to answer in the time and manner prescribed by law;

    (b)  That the Court appoint a guardian ad litem to protect the interests of the Minors, with the fees and expenses of such guardian to be paid from the interpled funds;

    (d)  That the Court accept the Proceeds into its registry and thereafter deposit them into an interest-bearing account, pending further order of the Court;

    (e)  That the Court enter an order discharging Principal Life from all liability to Defendants or anyone else with respect to the Proceeds and the Member's coverage under the Group Policy and dismissing Principal Life with prejudice;

    (f)  That the Court award Principal Life its reasonable and necessary attorney's

fees and court costs, to be paid from the interpled funds;

(g) That the Court require Defendants and all other interested parties to interplead their claims to the Proceeds and, on final trial, award such proceeds to the party or parties legally entitled to receive them; and

(h) That Principal Life have all such other and further relief, both general and special, at law and at equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Andrew C. Whitaker
Andrew C. Whitaker
State Bar No. 21273600
andrew.whitaker@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

ATTORNEY FOR PLAINTIFF
PRINCIPAL LIFE INSURANCE COMPANY